

**MICHAEL A. CISNEROS**
ATTORNEY AT LAW
50 WEST LEMON AVENUE
SUITE 12
**MONROVIA, CALIFORNIA 91016**
(626) 359-3692 FAX: (626) 359-3728

**Michael A. Cisneros, SBN 105483**
**mcisneros@mac.com**

Attorneys for Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Chapter 11 |
| JAMES N. KNOWLES and SARA KNOWLES | CASE NO. 2:10-bk-11762ER |
| | **DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION** |
| Debtors-in-Possession | **Disclosure Statement Hearing** |

**Disclosure Statement Hearing**

Date:        September 15, 2010
Time:        10:00a.m.
Place:        Courtroom "1568"

**Plan Confirmation Hearing**
**See Disclosure Statement for Voting and Objecting Procedures**

Date:
Time:        (To be Set)
Place:        Courtroom "1568"

1

# I.

## **INTRODUCTION**

James N. Knowles and Sara Knowles are the Debtors in a Chapter 11 bankruptcy case commenced on January 18, 2010 by their filing of a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq. This document is the Chapter 11 Plan ("Plan") proposed by the Debtors ("Proponents" or "Plan Proponents"). Sent to you in the same envelope as this document, is the Disclosure Statement which has been approved by the Court, and which is provided to help you understand the Plan.

This is a combined liquidating and reorganizing plan. In other words, the Proponents seek to accomplish payments under the Plan by selling one or more parcels of real property owned by them and using post-confirmation income to retain others. The Effective Date of the proposed Plan is ten (10) days after entry of an Order of Confirmation of this Plan of Reorganization.

# II.

## **CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

A.    General Overview:

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

B.    Unclassified Claims:

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponents have not placed the following claims in a class. The treatment of these claims is provided below.

1.    Administrative Expenses:

Administrative expenses are claims for the costs or expenses of administering the Debtors Chapter 11 case and which are allowed under Code Section 507(a)(1). The Code requires that all
///

MICHAEL A. CISNEROS, Attorney at Law
50 WEST LEMON AVENUE, SUITE 12
MONROVIA, CALIFORNIA 91016
(626) 359-3692 FAX: (626) 359-3728

2

administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtors' §507(a)(1) administrative claims and their treatment under this Plan.

| Name | Amount Owed | Treatment |
|---|---|---|
| Michael A. Cisneros, Attorney at Law | $15,000.00 | Paid in full on the effective of the Plan |
| Jeff Curtis and Keller Williams Realty | 6.00% of the gross sales price of any real property sold by the Debtors' prior to or after Plan Confirmation and paid from said sale proceeds | Paid in full from the sale proceeds generated from the sale of the Corson Property upon the closing of escrow and after approval by the Court or upon closing of escrow after the effective date of the Plan. |
| Clerk's Office Fees | unknown | Paid in full on Effective Date |
| Office of the U.S. Trustee Fees | $650.00 (est.) | Paid in full on Effective Date |
| TOTAL | $56,450.00 | |

Court Approval of Fees Required:

The Court must approve all professional fees listed in this chart. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be required to be paid under this Plan.

2.    Priority Tax Claims:

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a §507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding six years form the date of the assessment of such tax.

The following chart lists all of the Debtors' §507(a)(8) priority tax claims and their treatment under this Plan.

///

///

| Description | Amount Owed | Treatment | |
|---|---|---|---|
| None | $0.00 | Not Applicable | $0.00 |

C.    Classified Claims and Interests:

   1.    Classes of Secured Claims:

   Secured claims are claims secured by liens on property of the estate. The following chart lists all classes containing Debtors' secured pre-petition claims and their treatment under this Plan:

| CLASS | DESCRIPTION | INSIDERS: | IMPAIRED Yes | TREATMENT | |
|---|---|---|---|---|---|
| 1 | Secured claim of: JP Morgan Chase Bank, N.A. | No | Yes | Payment interval: | Monthly |
| | | | | Payment amount | $2,500.31 |
| | Collateral description: Real property located at 372 Laun Street, Altadena, CA | | | Balloon payment | None |
| | | | | Begin date | 10/1/10 |
| | | | | End date | 9/30/40 |
| | Collateral value: $415,000.00 | | | Interest rate: | 5.25% |
| | Priority of security int. First Deed of Trust | | | Total payout | 100% |
| | | | | Treatment of Lien | unimpaired |
| | Principal owed: $450,411.25 | | | | |
| | Pre-pet. arrears: None | | | | |
| | Post-pet. arrears None | | | | |
| | Total claim amount: $452,787.47 | | | | |

MICHAEL A. CISNEROS, Attorney at Law
50 WEST LEMON AVENUE, SUITE 12
MONROVIA, CALIFORNIA 91016
(626) 359-3692  FAX: (626) 359-3728

4

MICHAEL A. CISNEROS, Attorney at Law
50 WEST LEMON AVENUE, SUITE 12
MONROVIA, CALIFORNIA 91016
(626) 359-3692  FAX (626) 359-3728

| | | No | Yes | Payment interval: | Monthly |
|---|---|---|---|---|---|
| Secured claim of: GMAC Mortgage, LLC. | | | | Payment amount | $1,656.61 |
| Collateral description: Real property located at 2020 Newport Ave., Pasadena, CA | | | | Balloon payment | None |
| | | | | Begin date | Effective date |
| | | | | End date | 10/1/40 |
| Collateral value: $300,000.00 | | | | Interest rate: | 5.25% |
| Priority of security int. First Deed of Trust | | | | Total payout | 100% of secured amount of creditors' debt. |
| Principal owed: $364,000.00 | | | | | |
| Pre-pet. arrears: $35,867.38 | | | | Treatment of Lien | Lien to be stripped down to the fair market value of the real property of $300,000, with the secured portion paid pursuant to the terms of this Plan. |
| Post-pet. arrears $10,802.46 | | | | | |
| Total claim amount: $419,598.53 | | | | | |
| Secured claim of: GMAC Mortgage, LLC | | No | Yes | Payment interval: | None |
| | | | | Payment amount | $634,200 |
| Collateral description: Real property located at 1224 Corson St., Pasadena, CA | | | | Balloon payment | $634,200 |
| | | | | Begin date | escrow closing |
| | | | | End date | escrow closing |
| Collateral value: $680,000.00 | | | | Interest rate: | None |

5

MICHAEL A. CISNEROS, Attorney at Law
50 WEST LEMON AVENUE, SUITE 12
MONROVIA, CALIFORNIA 91016
(626) 359-3692 FAX: (626) 359-3728

| | | | | |
|---|---|---|---|---|
| Priority of security int. First Deed of Trust | | | Total payout | 73.17% of total claim but 100% of secured portion of claim. |
| Principal owed: $797,085.74 | | | | |
| Pre-pet. arrears: $77,445.45 Post-pet. arrears $23,858.16 | | | Treatment of Lien | Real property is being sold with net proceeds of $684,200 being paid to creditor upon close of escrow. |
| Total claim amount: $866,721.22 | | | | |
| Secured claim of: Wyndham Vacation Ownership | No | No | Payment interval: | Monthly |
| | | | Payment amount | $380.58 |
| Collateral description: Timeshare interest in Grand Desert Resort | | | Balloon payment | None |
| | | | Begin date | Effective date |
| Collateral value: $20,000.00 | | | End date | 1/1/15 |
| | | | Interest rate: | 9.90% |
| Priority of security int. Purchase Money Security Interest | | | Total payout | 100% |
| | | | Treatment of Lien | unimpaired |
| Principal owed: $17,911.28 | | | | |
| Pre-pet. arrears: None | | | | |
| Post-pet. arrears None | | | | |
| Total claim amount: $18,032.28 | | | | |

6

Plan of Reorganization

2.      Classes of Priority Unsecured Claims:

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

The following chart lists all classes containing Debtors' §507(a)(3), (4), (5), (6), and (7) priority unsecured claims and their treatment under this Plan:

| CLASS | DESCRIPTION | IMPAIRED | TREATMENT |
|-------|-------------|----------|-----------|
| 2 | None | Not Applicable | Not Applicable |

3.      Class of General Unsecured Claims:

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). The Debtors' received a discharge in their Chapter 7 case on December 10, 2009. The effect of such discharge was to eliminate any personal liability on any debt which existed at the time of their Chapter 7 filing. All debt existing in the Debtors' Chapter 11 case was included in their Chapter 7 case and was thus discharged. no new debt was incurred between the Chapter 7 filing and this immediate filing, thus all debt has been discharged, leaving no unsecured debt to be paid. The following chart identifies this Plan's treatment of the class containing all of Debtors' general unsecured claims:

| CLASS | DESCRIPTION | IMPAIRED | TREATMENT | |
|-------|-------------|----------|-----------|--|
| 3 | None | Not Applicable | Not Applicable | Not Applicable |

4.      Class(es) of Interest Holders:

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders. If the Debtor is a partnership, the interest holders include both general and limited partners.

MICHAEL A. CISNEROS, Attorney at Law
50 WEST LEMON AVENUE, SUITE 12
MONROVIA, CALIFORNIA 91016
(626) 359-3692  FAX: (626) 359-3728

7

If the Debtor is an individual, the Debtor is the interest holder. The following chart identifies this Plan's treatment of the class of interest holders:

| CLASS | DESCRIPTION | IMPAIRED | TREATMENT |
|-------|-------------|----------|-----------|
| 4 | Interest holders | Not Applicable | Not Applicable |

D.     Means of Performing the Plan

    1.     Funding for the Plan:

    The Plan will be funded from the sale of the real property located at 1224 Corson Street, Pasadena, California, the collection of rents from the real property located at 2020 Newport Avenue, Pasadena, California and the post-confirmation earnings of the Debtors.

    2.     Post Confirmation Management:     The Post Confirmation Management will be handled by the Debtors, James N. Knowles and Sara Knowles. They will maintain the Newport property, collect rents, tender payments and, if it becomes necessary, retain a real estate broker to sell the real property. For their services, the Debtors will not receive any regular compensation, however, to the extent any monies exist after the payment of all claims, the Debtors will retain all net proceeds.

    3.     Disbursing Agent     The Debtors shall act shall act as the disbursing agents for the purpose of making all distributions provided for under the Plan. The Disbursing Agents shall serve without bond and shall receive no compensation for distribution services rendered and expenses incurred pursuant to the Plan.

**III.**

**TREATMENT OF MISCELLANEOUS ITEMS**

A.     Executory Contracts and Unexpired Leases:

    1.     Assumptions:

    The following are the unexpired leases and executory contracts to be assumed as obligations of the reorganized Debtors under this Plan (see Exhibit A for more detailed information on unexpired leases to be assumed and Exhibit B for more detailed information on executory contracts to be assumed):     None.

///

MICHAEL A. CISNEROS, Attorney at Law
50 WEST LEMON AVENUE, SUITE 12
MONROVIA, CALIFORNIA 91016
(626) 359-3692  FAX: (626) 359-3728

8

1    On the Effective Date, each of the unexpired leases and executory contracts listed above shall

2 be assumed as obligations of the reorganized Debtors. The Order of the Court confirming the Plan

3 shall constitute an Order approving the assumption of each lease and contract listed above. If you are

4 a party to a lease or contract to be assumed and you object to the assumption of your lease or

5 contract, you must file and serve your objection to the Plan within the deadline for objecting to the

6 confirmation of the Plan. See Section I.B.3. of the Disclosure Statement describing this Plan for the

7 specific date.

8    2.    Rejections:

9    On the Effective Date, the following executory contracts and unexpired leases will be

10 rejected:    None.

11    The order confirming the Plan shall constitute an order approving the rejection of the lease or

12 contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your

13 contract or lease, you must file and serve your objection to the Plan within the deadline for objecting

14 to the confirmation of the Plan. See Disclosure Statement for the specific date.

15    THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING

16 FROM THE REJECTION OF A LEASE OR CONTRACT IS THIRTY (30) DAYS FROM THE

17 EFFECTIVE DATE OF THE PLAN.

18    Any claim based on the rejection of an executory contract or unexpired lease will be barred if

19 the proof of claim is not timely filed, unless the Court later orders otherwise.

20 B.    Changes in Rates Subject to Regulatory Commission Approval:

21    These Debtors are not subject to governmental regulatory commission approval of its rates

22 C.    Retention of Jurisdiction.

23    The Court will retain jurisdiction to the extent provided by law.

24    **IV.**

25    **EFFECT OF CONFIRMATION OF PLAN**

26 A.    No Discharge

27    Debtors will not receive any discharge in this case because the Debtors obtained a discharge

28 on December 19, 2009, after the filing of their Chapter 7 Petition.

9

MICHAEL A. CISNEROS, Attorney at Law
50 WEST LEMON AVENUE, SUITE 12
MONROVIA, CALIFORNIA 91016
(626) 359-3692 FAX: (626) 359-3728

MICHAEL A. CISNEROS, Attorney at Law
50 WEST LEMON AVENUE, SUITE 12
MONROVIA, CALIFORNIA 91016
(626) 359-3692 FAX: (626) 359-3728

B.    Revesting of Property in the Debtor:

Except as provided in Section IV.E. and except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtors.

C.    Modification of Plan:

The Proponents of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on the Plan if Proponents modify the Plan before confirmation.

The Proponents of the Plan may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated and (2) if the Court authorizes the proposed modifications after notice and a hearing.

D.    Post-Confirmation Status Report

Within 120 days of the entry of the order confirming the Plan, Plan Proponents shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

E.    Quarterly Fees

Quarterly fees accruing under 28 U.S.C. §1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the plan. Quarterly fees accruing under 28 U.S.C. §1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. §1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

F.    Post-Confirmation Conversion/Dismissal

A creditor or party in interest may bring a motion to convert or dismiss the case under §1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the

///

10

1  Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the

2  extent that relief from stay was not previously granted by the Court during this case.

3  G.      Final Decree

4         Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan

5  Proponents, or other party as the Court shall designate in the Plan Confirmation Order, shall file a

6  motion with the Court to obtain a final decree to close the case.

7  Date: July 29, 2010                          **MICHAEL A. CISNEROS**
                                                 **Attorney at Law**
8

9

10                                               By:_____

11                                               **Michael Anthony Cisneros**
                                                 Attorneys for Debtors-in-Possession
                                                 James N. Knowles and Sara Knowles

MICHAEL A. CISNEROS, Attorney at Law
50 WEST LEMON AVENUE, SUITE 12
MONROVIA, CALIFORNIA 91016
(626) 359-3892 FAX: (626) 359-3728

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11